**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY


ABDUL AKBAR SABAR,            :
                              :    Civil Action No. 06-2607 (WJM)
          Petitioner,         :
                              :
     v.                       :    OPINION
                              :
ADMINISTRATOR                 :
THOMAS P. SULLIVAN,           :
                              :
          Respondent.         :
```

**APPEARANCES**:

Petitioner pro se                Counsel for Respondents
Abdul Akbar Sabar                Barbara A. Rosenkrans
193 Hollywood Avenue             Essex Co. Prosecutor's Office
East Orange, New Jersey 07017    Essex Co. Courts Building
                                 Newark, NJ 07102

**MARTINI**, District Judge

   Petitioner Abdul Akbar Sabar, a prisoner confined at Bayside State Prison at the time he filed this Petition, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Administrator Thomas P. Sullivan.

   For the reasons stated herein, the Petition must be dismissed.

I. BACKGROUND

Petitioner was convicted in the Superior Court of New Jersey, Law Division, Criminal Part, Essex County, of fourth-degree aggravated assault, fourth-degree unlawful possession of a weapon (an automobile), third-degree possession of a weapon (an automobile) for an unlawful purpose, and second-degree eluding. On December 5, 2003, Petitioner was sentenced to an aggregate term of imprisonment of seven years.

Petitioner timely appealed to the Superior Court of New Jersey, Appellate Division, raising the following issues: (1) the prosecutor engaged in misconduct on summation and deprived defendant of a fair trial; (2) the court's jury instructions were inadequate in several respects; (3) the eluding conviction was against the weight of the evidence, and a judgment of acquittal should have been entered or a new trial ordered; (4) the court permitted the state to admit evidence which was not relevant and in any event unduly prejudicial; and (5) defendant's sentence was manifestly excessive, under state law, based upon the trial court's balancing of aggravating and mitigating factors.

On October 12, 2005, the Appellate Division issued its opinion affirming the conviction. State v. Sabar, 2005 WL 2509882 (N.J. Super. A.D. Oct. 12, 2005). With respect to the sentence, however, the Appellate Division found as follows:

> Defendant received a seven-year sentence for eluding; the other terms being lesser and concurrent.

He maintains that his sentence was "manifestly excessive." The judge rejected the State's application for discretionary extended term sentencing, although defendant was eligible. The judge balanced the aggravating and mitigating factors and found them to be in equipoise. As a result, the judge imposed the presumptive term for the second-degree offense. We do not address defendant's excessiveness argument since we believe the sentence must be remanded for reconsideration in light of State v. Natale, 184 N.J. 458 (2005). There, in order to preserve the constitutionality of our sentencing scheme in light of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Court performed judicial surgery, eliminating presumptive terms. Id. at 487. The Court stated:

> Although judges will continue to balance the aggravating and mitigating factors, they will no longer be required to do so from the fixed point of a statutory presumptive. We suspect that many, if not most, judges will pick the middle of the sentencing range as a logical starting point for the balancing process and decide that if the aggravating and mitigating factors are in equipoise, the midpoint will be an appropriate sentence. That would be one reasonable approach, but it is not compelled. Although no inflexible rule applies, reason suggests that when the mitigating factors preponderate, sentences will tend toward the lower end of the range, and when the aggravating factors preponderate, sentences will tend toward the higher end of the range. In the past, defendants with long criminal records have been sentenced toward the upper part of the sentencing range. They should not anticipate a departure from that practice with the presumptive terms gone.
>
> [Id. at 488.]

As a result, we conclude that a sentence formulated with reference to the presumptive term must be reconsidered in light of Natale. Such is the case here. On remand, the judge might find that a sentence less than the presumptive is warranted even though the

> balance of aggravating and mitigating factors would have previously called for a presumptive term.  We do not suggest what a proper sentence should be in this case, only that the judge is somewhat freed of constraints previously in place.
>
> Conviction affirmed; sentence vacated and remanded for reconsideration.  We do not retain jurisdiction.

(Opinion of Appellate Division, October 12, 2005, at 19-21.)[1]

---

[1] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), pursuant to the Sixth Amendment right to trial by jury, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  542 U.S. at 302 (internal quotations omitted).  Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the United States Sentencing Guidelines, finding the Guidelines unconstitutional, and rendering them merely advisory, rather than mandatory.

Under New Jersey's Code of Criminal Justice, as in effect at the time of Petitioner's sentencing, a defendant cannot be sentenced to a period of imprisonment greater than the presumptive term for the crime he committed, unless the judge finds one or more statutory aggravating factors.  See N.J.S.A. 2C:44-1(f)(1).

In State v. Natale, 184 N.J. 458 (N.J. 2005), the Supreme Court of New Jersey evaluated the constitutionality of the New Jersey sentencing scheme in light of the Apprendi line of cases.

> Our Code provisions make clear that, before any judicial factfinding, the maximum sentence that can be imposed based on a jury verdict or guilty plea is the presumptive term.  Accordingly, the "statutory maximum" for Blakely and Booker purposes is the presumptive sentence.

Natale, 184 N.J. at 484.  Because the Code's system allows for

The State petitioned the Supreme Court of New Jersey for certification with respect to the sentencing issue. Petitioner did not cross-petition for certification, nor did Petitioner file a brief opposing the State and presenting his arguments in favor of the remand for resentencing in light of Blakely and Natale. On March 14, 2006, the Supreme Court of New Jersey granted certification, reversed that portion of the Appellate Division judgment that remanded the matter for resentencing on the second-degree eluding conviction, and reinstated Petitioner's seven-year sentence. State v. Sabar, 186 N.J. 360 (N.J. 2006).

---

sentencing beyond the statutory maximum presumptive term, the Supreme Court of New Jersey found the state sentencing system unconstitutional and determined that the appropriate remedy would be to follow the lead of Booker and abolish the presumptive terms. "Without presumptive terms, the 'statutory maximum' authorized by the jury verdict or the facts admitted by a defendant at his guilty plea is the top of the sentencing range for the crime charged, e.g., ten years for a second-degree offense." Natale, 184 N.J. at 487 (citation omitted).

The Court of Appeals for the Third Circuit generally has held that the rules announced in the Apprendi line of cases are not applicable retroactively to cases on federal collateral review. See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the supreme Court in Booker does not apply retroactively to cases on collateral review); United States v. Swinton, 333 F.3d 481 (3d Cir.), cert. denied, 540 U.S. 977 (2003) (holding that Apprendi does not apply retroactively to cases on collateral review); In re Turner, 267 F.3d 225 (3d Cir. 2001) (holding that Apprendi does not apply retroactively to cases on collateral review). See also United States v. Price, 400 F.3d 844, 849 (10th Cir.), cert. denied, 126 S.Ct. 731 (2005) (Blakely does not apply retroactively to cases on collateral review). Similarly, the Supreme Court of New Jersey has held that the rule it announced in Natale is applicable retroactively only to cases in the direct appeal pipeline as of the date of that decision. Natale, 184 N.J. at 494.

Petitioner did not petition the Supreme Court of the United States for a writ of certiorari, nor did Petitioner file any motions for post-conviction relief in state court.

This Petition followed. Here, Petitioner asserts (1) that the Supreme Court of New Jersey erred under Natale and Blakely, when it reinstated his presumptive-term sentence, which Petitioner also asserts is excessive; (2) the prosecutor permitted witness Officer Julio Paredes to give perjured testimony regarding his relationship with Petitioner, in violation of the Due Process Clause of the Fourteenth Amendment; (3) Petitioner was denied his Sixth Amendment right to effective assistance of counsel because his substitute counsel was not prepared for trial.

Respondent has answered, asserting that the Petition must be dismissed because Petitioner has failed to exhaust any of these claims. In the alternative, Respondent asserts that the claims are meritless.

Petitioner has not responded to the substance of Respondent's Answer.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an

6

>application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
>(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
>>(A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>>(B)(i) there is an absence of available State corrective process; or
>>
>>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>>(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>>(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
>
>...

Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."  28 U.S.C.

§ 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.

Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. Id. at 277.

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987.[2] In addition, the Court of Appeals for the Third Circuit

---

[2] Even though a petitioner has already completed his direct appeals and one round of post conviction relief motions, many of New Jersey's procedural bars are subject to relaxation. For example, although New Jersey Court Rule 3:22-4 bars a petitioner from raising a ground for relief in a post-conviction proceeding

has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are

---

if it could have been raised in a prior proceeding, the rule contains a mechanism for excusing this bar. Rule 3:22-4 states that a petitioner will not be barred from asserting the new ground for relief if:

> the court on motion or at the hearing finds (a) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (b) that enforcement of the bar would result in fundamental injustice; or (c) that denial of relief would be contrary to the Constitution of the United States or the State of New Jersey.

N.J. Ct. R. 3:22-4. New Jersey Court Rule 3:22-5 also may not be strictly enforced and, therefore, a petitioner may not be barred from bringing his unexhausted claim in state court. Rule 3:22-5 mandates that "[a] prior adjudication upon the merits of any ground for relief is conclusive ... ." The New Jersey courts may relax these rules "[w]here meritorious issues are presented, [because the state court's] interest in affording defendants access to both state post-conviction and federal habeas review outweighs [their] interest in finality through an unnecessarily-rigid enforcement of state procedural rules." State v. Preciose, 129 N.J. 451, 475-76 (1992); see also State v. Mitchell, 126 N.J. 565 (1992). Similarly, New Jersey Court Rule 3:22-12 permits waiver of the five-year limitations period for petitions for post conviction relief where delay is due to "excusable neglect."

appropriate." Id. at 186. "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Even where exhaustion is excused, the doctrine of procedural default may come into play.

> A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. See, e.g., Doctor[ v. Walters, 96 F.3d 675, 683 (3d Cir. 1996)]. Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002).

Alternatively, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-

14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").  But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim").

### III.  ANALYSIS

Here, Petitioner has failed to present any of his claims to the highest court of New Jersey.  Most of the claims Petitioner raises here were not presented to the state courts at all.  The only issue addressed by the Supreme Court of New Jersey was whether Petitioner's sentence violated the rule announced by the Supreme Court in Blakely limiting a judge's ability to impose a sentence beyond the relevant statutory maximum sentence.

However, even Petitioner's Blakely claim cannot be considered exhausted.  The issue was raised by the Appellate Division sua sponte and was brought to the Supreme Court of New Jersey by the State, not by Petitioner.  Petitioner failed to file a brief or otherwise present his argument to the Court. Thus, he has failed to satisfy the "fair presentation" aspect of the exhaustion requirement.

The Supreme Court has stated that a petitioner does not satisfy the "fair presentation" aspect of the exhaustion requirement if he does not, in his brief before the state supreme court, explicitly alert that court to the fact that he is making a federal claim, even where review of the opinion below would make that fact clear.  See Baldwin v. Reese, 541 U.S. 27 (2004).  "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  541 U.S. at 32.  Thus, the Supreme Court rejected the argument that a state supreme court should be obliged to review a lower court opinion to determine the federal nature of the claim presented.

 The Court of Appeals for the Seventh Circuit has addressed the exhaustion issue in a case presenting a procedural posture analogous to that presented here.  See Bush v. Shafter, 35 Fed.Appx. 234, 2002 WL 77863 (7th Cir. 2002).  Rejecting the argument that a petitioner who failed to refer to a constitutional claim in his brief, nevertheless has "fairly presented" a constitutional claim to the state supreme court when, "as the appellee having won below, he was not even required

13

to file a brief in order to prevail," 35 Fed.Appx. at 237, the Seventh Circuit held:

> The fact that [petitioner] prevailed in the trial court does not absolve him of his responsibility to fairly present a federal claim to the [State] Supreme Court by placing the controlling law and operative facts before that court.  Surely, the [State] Supreme Court could have raised such an issue <u>sua sponte</u> (or by reviewing the trial court's decision), and, if we accept [petitioner's] characterization of [State] law, it may even have been obligated to review all of the issues set forth in the trial case.  But, as we have noted, for federal habeas purposes, "fair presentment requires the <u>petitioner</u> to place the issue before the state court in order to unequivocally give the court a "meaningful opportunity to pass upon the substance of the claims ... ."

35 Fed.Appx. at 238 (emphasis in original) (citation omitted).

Accordingly, this Court is constrained to find that Petitioner has failed to exhaust in state court <u>any</u> of the claims presented in this Petition.

Nor have the parties suggested to this Court that the claims are procedurally defaulted in state court, or that Petitioner can demonstrate "cause and prejudice" excusing any potential default. Indeed, New Jersey law permits a petition to correct an illegal sentence to be filed "at any time," and any other petition for post-conviction relief may be filed within 5 years after rendition of the judgment sought to be attacked.  N.J. Court Rule 3:22-12(a).  That deadline has not yet passed.[3]  In addition,

---

[3] A post-conviction application is not rendered moot by the completion of a defendant's sentence.  <u>See</u> <u>State v. Roper</u>, 362 N.J. Super. 248 (App. Div. 2003).

N.J. Court Rule 3:22-4, "Bar of Grounds Not Raised in Prior Proceedings," rarely bars a claim of ineffective assistance of counsel on collateral review, even if the claim could have been raised on direct appeal. See Cabrera v. Barbo, 175 F.3d 307 (3d Cir. 1999) (citing State v. Preciose, 129 N.J. 451 (1992)).

Because this Petition is not a "mixed" petition, in which some claims have been exhausted, the "stay-and-abey" procedure applicable to "mixed" petitions, see Rhines v. Weber, 125 S.Ct. 1528 (2005); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), does not permit this Court to stay this Petition while Petitioner exhausts his unexhausted claims. See Heleva v. Brooks, 2007 WL 2907810 (M.D. Pa. 2007); Muto v. Carroll, 2005 WL 3312825 (D.Del. 2005).[4]

Accordingly, this Petition must be dismissed without prejudice for failure to exhaust state remedies.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree

---

[4] This Court recognizes that the applicable limitations period may preclude federal review after Petitioner exhausts his state remedies.

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find this Court's procedural ruling "debatable." Accordingly, no certificate of appealability shall issue.

## V.  CONCLUSION

For the reasons set forth above, the Petition must be dismissed without prejudice for failure to exhaust state remedies.  An appropriate order follows.

s/William J. Martini

William J. Martini
United States District Judge

Dated: 1/28/08

16